Judge Owsley
delivered the Opinion of the Court.
' ' This writ of error is brought to reverse a decree pronounced by the circuit court, causing a conveyance to be made tó the Boyds for a tract' of land which Snelling covenanted to convey Elijah Perry.
The covenant bears date the nineteenth day of December, 1807; and Was assigned by E. Perry to William Snelling, on the 17th of August, 1813; by William Snelling was assigned to’ Holeman Rice, senior and William P. Snelling, on the sixth of February, 1823; and bn the 8th of March, 1822; was assigned by Holeman Rice to Spencer Boyd; and on the 9th of January, 1823, was assigned by William Snelling to William Boyd¡
The suit was brought in the circuit ctíurt, in thé name of the latter assignee's, Spencer and William Boyd, without making any of the assignors of the covenant parties; and one objection, which was taken in argument, is, that the assignors should have beén made parties and brought before the court, before a decree was pronounced on the merits of the contest.
’With respect to the assignor, Perry, by whom the covenant was assigned to William Snelling, and *173 the assignor, William Snelling, by whom it was assigned to Holeman Rice, and William P. Snelling, there was evidently no necessity for making them parties. By each of those assignments, the legal right was transferred to the respective assignees, and it has been repeatedly decided that in a suit for the specific execution of a contract by an assignee claiming through an assignment which passes the legal right, the assignor need not be a party.
One of several joint holders of a bill of exchange may transfer the whole interest by his endorsement.
Not so of covconveyance10 0f lands made assignable by tiie statute*
Assignments assignees oía conveyance bond, by one l? as". by the other tó another, daoos not Pasa to their assígneos the inStheibondSt and, there-’ fore, these as-be^arties'to a'bSlíVgainst the obligor for the title,
*173 But with respect to William P. Snelling and Holeman Rice, by whom the covenant was assigned to the Boyds, a different rule applies. The legal right to which they became entitled by the assignment to them, has not, we apprehend, passed from them by their after assignment. Their interest in the land, and right to sue upon the covenant was joint, and neither, by his assignment, could pass away the right and interest of the other. It is not designed to say that there are no writings which may not be assigned by one of several persons, holding a joint interest so as to pass the legal right of action to the assignee. By the law merchant, bills of exchange may, we know, be transferred by the endorsement of one of several joint payees, and the endorsee will be entitled to sue in his own name.
But writing's stipulating for the conveyance of hmd, are not by any law, placed upon the footing of bills of exchange, and are not, as respects assignments governed by the law merchant. The assignment of such writings must he governed by the act of assembly upon that subject, and it is intended to say that' according to the act, no legal right of action can pass to the assignee, unless the assignment be made by all having a joint interest in the laud covenanted to be conveyed.
If, therefore, the assignment of all having right is necessary to pass the legal right of action, it follows that the assignments by Rice and Snelling cannot be sufficient for that purpose. Those assignments were made to different persons, and at different times, lhe assignment ox each was no doubt sufficient to pass the equitable interest of the assign- or to his assignee, but as the concurrence of both *174 Was necessary to transfer the legal right of action,, the assignment of neither was sufficent for that purpose. Nor can the legal right have been transferred by both assignments. ' The assignment which was first made by Rice to Sp'eficér Boyd; did not pass the ^egal right, bécause it was not concurred in'by Snelhng; and the assignment afterwards made by Snelling to William Boyd, passed no,legal right, because' ^ was mac^c by 1dm only. Aftér the assignment b.y Rice; the legal right of action still remained with him and Snelling, and must have continued with them after the assignment, subsequently made by Snelling.
Mandate foi leave to complainants to make the 'proper parties.
Triplett, for plaintiff; Mmies and Monroe, for defendants.
The assignments to the Boyds, having therefore passed nothing but' an equity, Rice and Snelling, by whom the assignments were made, ought, according to repeated decisions, to" have been made parties to the suit. ' ' '
The decree must consequently be reversed with cost, the cause remanded to the court below, and unless the complainants after being allowed sufficient time to do so, make their assignors, Rice and Snelling, parties, and bring them before the court, the bill must be dismissed; but if they are brought before the court, then such further proceedings, orders and decrees be made, as may comport with the usages of chancery and the equity of the case.